WILLIAM L. MARDER, ESQ. (CBN 170131)
**POLARIS LAW GROUP, LLP**
Attorneys At Law
501 San Benito Street, Suite 200
Hollister, CA 95023
(831) 531-4214

Attorneys for Plaintiff JOSE REYNOSO,

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE REYNOSO, | ) Case No.:   C06 07920 RMW RS |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S MOTION FOR ATTORNEYS'** |
| | ) **FEES** [Local Rules, Rule 54-6] |
| v. | ) |
| | ) Date: October 19, 2007 |
| COUNTY OF SAN BENITO; and DOES 1 | ) Time: 9:00 a.m. |
| through 10, inclusive, | ) Dept: The Honorable Ronald M. Whyte |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

**I.**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on October 19, 2007 at 9:00 a.m., or as soon thereafter as

the matter can be heard in the courtroom of United States District Judge Ronald M. Whyte, U.S.

District Court for the Northern District of California, 280 South First Street, San Jose, California,

---

1

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [Local Rules, Rule 54-6]

1    Plaintiff JOSE REYNOSO will move to compel defendant County of San Benito to pay

2    plaintiff's counsel $93,840 in attorneys' fees.

3                                          **II.**

4                    **CONCISE STATEMENT OF RELIEF SOUGHT**

5
         Plaintiff's counsel seeks an order compelling defendants to pay plaintiff's counsel
6
7    $93,840 in attorneys' fees.  Plaintiff is entitled to an award of attorneys' fees because plaintiff

8    accepted an offer pursuant to Fed.R.Civ.P., Rule 68 which provided that defendant would pay to

9    plaintiff reasonable attorneys' fees and costs.

10
                                          **III.**
11
12                       **PROCEDURAL HISTORY**

13        Plaintiff is an arrestee who sued the County of San Benito for violations of his civil

14   rights,  pursuant to 42 U.S.C. § 1983.  Attorneys fees are authorized by 42 U.S.C. § 1988.

15        The incident arose out of an arrest which occurred on December 31, 2005.  Plaintiff filed

16   suit in the district court on December 28, 2006.

17        Defendants made an offer pursuant to Fed.Civ.R.P., Rule 68 to plaintiff for $10,001 plus

18   reasonable attorneys' fees and costs.  This offer was accepted by plaintiff.  Defendant served the

19   offer via mail on August 24, 2007.  On August 30, 2007, plaintiff's counsel served via fax and

20   mail the acceptance to the Rule 68 offer.  Defendants filed the offer and acceptance with the
21
22   court on September 5, 2007.   (Declaration of William Marder at ¶ 3).

23                                         **IV.**

24                     **MEET AND CONFER EFFORTS**

25        On August 31, 2007, plaintiff's counsel submitted to defense counsel an itemized bill
26
     reflecting attorneys' fees incurred to date. (A true and correct copy of this letter, along with the
27

2

28   **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [Local Rules, Rule 54-6]

S:\Bill\Reynoso\attorneys fees\Motion for attorneys fees.doc

1  itemized bill is attached to the declaration of William L. Marder as Exhibit 1)  The attorneys'

2  fees totaled $79,840.00.

3         On September 7, 2007, in a telephone conversation, defense counsel advised plaintiff's

4  counsel that defendants objected to the subject bill.  Both plaintiff's counsel and defense counsel

5  agreed that a motion would be necessary to resolve the issues.   (Declaration of William Marder

6  at ¶ 5).

7

8                                                     **V.**

9                                 **THE AMOUNT REQUESTED**

10        Plaintiff's counsel requests a total of $93,840 in attorneys' fees.  This amount reflects

11  $79,840 in work done for the case.  It also reflects an additional $14,000 for anticipated fees in

12  connection with this motion.  Specifically, plaintiff's counsel anticipates this motion, the reply

13  brief and oral argument will take thirty-five (35) hours.  (Declaration of William Marder at ¶ 17).

14  Plaintiff's counsel hourly rate in this matter is $400.  (Declaration of William Marder at ¶ 6).

15

16                                                    **VI.**

17                                     **THE HOURLY RATE**

18        Plaintiff's counsel has identified an hourly rate of $400 per hour for this matter.

19  Plaintiff's counsel has selected this hourly rate based on four factors: (1) this amount has been

20  identified as a reasonable hourly rate in the Northern District; (2) plaintiff's counsel's credentials

21  warrant such a rate; (3) plaintiff counsel's prior fee awards support such an award; and (4)

22  plaintiff's counsel has provided declarations supporting such an award.  All of these factors are

23  discussed individually below.

24

25  //

26

27                                                     3

28  **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [Local Rules, Rule 54-6]

S:\Bill\Reynoso\attorneys fees\Motion for attorneys fees.doc

**A.     This Court Has Held Hourly Rates in Excess of $400 Per Hour To Be Reasonable.**

"This District has consistently set hourly rates in the range of $300 to $450 for attorneys that bring added value to the representation of their clients." Cancio v. Financial Credit Network, Inc., 2005 U.S. Dist., LEXIS 13626, No. C 04-3755 TEH, 2005 WL 1629809, *2 (N.D. Cal., July 6, 2005).

The following cases have awarded the following hourly rates.

Lopez v. San Francisco Unified School Dist., 385 F.Supp.2d 981, 990 (N.D. Cal. 2005) (Attorney's market rate of $435 an hour was appropriate for purposes of calculating award of attorney fees in disability access case to attorney who graduated law school in 1993.)

Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (awarding fees at a rate of $450/hour.)

Oberfelder v. City of Petaluma, 2002, U.S. Dist LEXIS 8365, *14 (N.D. Cal. 2002) (awarding fees at a rate of $400/hour)

Note that these cases are from 2005, 2003, and 2002—years before the instant action. Thus, in today's dollars, these rates would likely be higher.

**B.     Plaintiff's Counsel's Credentials Warrant An Hourly Rate of $400**

Plaintiff's counsel graduated from UCLA Law School in 1993.  (Declaration of William Marder at ¶ 7).  Since that time, he has acquired substantial experience in public entity litigation. Plaintiff's counsel has represented the following public entities in litigation matters:

- The City of Sacramento

- Yolo County

- The City of Davis

- The State of California

4

- The City of Roseville

- The City of Winters

- The City of Chico

- San Benito County

- Contra Costa County.  (Declaration of William Marder at ¶ 7; Declaration of Jeffrey Stone at ¶ 4).

Additionally, plaintiff's counsel has served as a deputy county counsel for both San Benito County and Contra Costa County.   (Declaration of William Marder at ¶ 8).

Plaintiff's counsel has represented individuals in litigation against the following public entities: (1) the City of Hollister; (2) the County of San Benito; (3) San Benito Healthcare District; and (4) the County of Monterey.  Plaintiff's counsel has obtained monetary recoveries for his clients against all four of the entities described above.  Additionally, on another matter, plaintiff's counsel successfully obtained injunctive relief against the County of San Benito on a writ of mandate.   (Declaration of William Marder at ¶ 9).

Plaintiff's counsel has been a partner at an "AV" rated firm and has served as President of the San Benito County Bar Association. (Declaration of William Marder at ¶ 10).

## C.   **Plaintiff Counsel's Prior Fee Awards Indicate That $400 Per Hour Is Appropriate**

### 1.   **Plaintiff's Counsel Has Been Awarded $350 Per Hour In Monterey Superior Court.**

On March 29, 2007, the Monterey Superior Court awarded plaintiff's counsel statutory attorneys fees at the rate of $350 per hour.  Smith v. Joyce, Monterey County Superior Court Case No.: M74334.  (Declaration of William Marder at ¶ 11). The court awarded these fees pursuant to California Labor Code section 1194(a) after plaintiff prevailed at trial on a claim for

5

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [Local Rules, Rule 54-6]

unpaid overtime. (Declaration of William Marder at ¶ 11).  It logically follows that the hourly

rate for legal work in federal court in San Jose is higher than the hourly rate for legal work in

state court in Monterey County.

### 2. Almost Two Years Ago, Plaintiff's Counsel Was Awarded $300 Per Hour In The Northern District.

On January 5, 2006, in the United States District Court for the Northern District of

California, plaintiff's counsel was awarded statutory fees at the rate of $300 per hour.   Jimenez

v. County of San Benito, Case No. C04-05083 PVT.   (A true and correct copy of this Order is

attached to the declaration of William Marder as Exhibit 2).

Plaintiff's counsel is entitled to an increase from the $300 hourly rate for two reasons: (1)

the passage of time since January 5, 2006; and (2) plaintiff's counsel has subsequently litigated

five additional civil rights cases in the Northern District.  Both of these issues are discussed

individually below.

### a. The Passage of Time

Almost two years has elapsed since the January 5, 2006 award.  Thus, the $300 figure

should be adjusted for inflation.

### b. Subsequent Civil Rights Cases Litigated By Plaintiff's Counsel In The Northern District

Plaintiff's counsel has acquired substantial federal court plaintiff's civil rights experience

since litigating Jimenez v. County of San Benito.  Specifically, plaintiff's counsel has litigated

four federal civil rights cases against the County of San Benito since filing the Jimenez case.

These cases are (1) Bogglen v. County of San Benito, Case No.: C06-02490 RMW PVT; (2)

Graves. v. County of San Benito, C 06-04360 JW; (3) Pekin v. County of San Benito, Case No.:

C05 05402 HRL; and (4) MK Ballistics Systems v. Simpson, Case No.: C 07-00688 RMW.

(Declaration of William Marder at ¶ 13).

6

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [Local Rules, Rule 54-6]

Additionally, subsequent to <u>Jimenez</u>, plaintiff's counsel has litigated a civil rights case against officials from the State of California, Bureau of Alcoholic Beverage Control, <u>McLean v. Seck</u>, Case No.: C 06-04795 JF.  (Declaration of William Marder at ¶ 14).

Thus, because plaintiff's counsel has acquired additional plaintiff's civil rights experience in the Northern District, his hourly rate should increase accordingly.

**D.  Plaintiff's Counsel Has Provided Declarations From Three Experienced Attorneys Familiar With Plaintiff's Counsel's Work And The Market Rate For Attorneys In <u>The San Jose Area.</u>**

Submitted with this motion are declarations from attorneys (1) Jeffrey Stone; (2) Patrick Marshall; and (3) Michael Pekin.  All of these attorneys have been in practice more than fifteen years, all are familiar with plaintiff's counsel's work; and all are familiar with the market rate for attorneys in the San Jose area.  All three conclude that $400 per hour is an appropriate hourly rate.

**VII.**

**<u>THE AMOUNT OF HOURS EXPENDED</u>**

Plaintiff's counsel has expended 199.60 hours litigating the underlying case (this is independent of time spent on this motion.)

Plaintiff's counsel has kept detailed, contemporaneous time records.  (True and correct copies of these records are attached to the declaration of William L. Marder as Exhibit 1)

Tasks performed included:

- Preparing for and attending eight depositions;
- Preparing for and attending an Early Neutral Evaluation in San Francisco;
- Responding to interrogatories;
- Responding to a request for production;

7

- Propounding two sets of interrogatories to the County of San Benito;

- Propounding interrogatories to sheriff's deputy John Pena;

- Propounding interrogatories to sheriff's deputy Michael Rodrigues;

- Propounding a request for production to the County of San Benito;

- Propounding a request for production to sheriff's deputy John Pena;

- Propounding a request for production to sheriff's deputy Michael Rodrigues;

- Propounding a request for admissions to the County of San Benito;

- Propounding a request for admissions to sheriff's deputy John Pena;

- Propounding a request for admissions to sheriff's deputy Michael Rodrigues;

- Preparing two California Public Records Act requests; and

- Communicating with a client who speaks limited English. (Declaration of William Marder at ¶ 16).

## VIII.

### PLAINTIFF'S COUNSEL IS ENTITLED TO BE COMPENSATED FOR TIME SPENT LITIGATING THE FEE ISSUE.

Plaintiff's counsel is entitled to be compensated for spent litigating the fee award. In re Nucorp Energy, Inc., 764 F.2d 655, 660-61 (9th Cir.1985). As discussed above, plaintiff's counsel anticipates spending thirty-five (35) hours in connection with this motion. This breaks down as follows: (1) approximately fifteen hours for the moving papers; (2) approximately fifteen hours for the reply brief; and (3) approximately five hours to prepare for, travel, to, and attend oral argument. (Declaration of William Marder at ¶ 17).

8

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [Local Rules, Rule 54-6]

S:\Bill\Reynoso\attorneys fees\Motion for attorneys fees.doc

Dated: September 10, 2007          POLARIS LAW GROUP, LLP


By _____
WILLIAM L. MARDER, Attorney for Plaintiff Jose
Reynoso

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [Local Rules, Rule 54-6]

S:\Bill\Reynoso\attorneys fees\Motion for attorneys fees.doc