WILLIAM L. MARDER, ESQ. (CBN 170131)
**POLARIS LAW GROUP, LLP**
Attorneys At Law
501 San Benito Street, Suite 200
Hollister, CA 95023
(831) 531-4214

Attorneys for Plaintiff JOSE REYNOSO,

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE REYNOSO,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BENITO; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:   C06 07920 RMW RS<br><br>**DECLARATION OF WILLIAM MARDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [Local Rules, Rule 54-6]<br><br>Date: October 19, 2007<br>Time: 9:00 a.m.<br>Dept: The Honorable Ronald M. Whyte |

I, William Marder, hereby declare:

1.      I am the attorney of record in the above-entitled action.  The following is true of my own knowledge and, if called upon as a witness, I would and could testify competently about the facts stated herein.

1

DECLARATION OF WILLIAM MARDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [Local Rules, Rule 54-6]

S:\Bill\Reynoso\attorneys fees\William Marder Declaration.doc

2.      Plaintiff is an arrestee who sued the County of San Benito for violations of his civil rights, pursuant to 42 U.S.C. § 1983. The incident arose out of an arrest which occurred on December 31, 2005. Plaintiff filed suit in the district court on December 28, 2006.

3.      Defendants made an offer pursuant to Fed.Civ.R.P., Rule 68 to plaintiff for $10,001 plus reasonable attorneys' fees and costs. This offer was accepted by plaintiff. Defendant served the offer via mail on August 24, 2007. On August 30, 2007, I served via fax and mail the acceptance to the Rule 68 offer. Defendants filed the offer and acceptance with the court on September 5, 2007.

4.      On August 31, 2007, I submitted to defense counsel an itemized bill reflecting attorneys' fees incurred to date. (A true and correct copy of this letter, along with the itemized bill is attached to this declaration as Exhibit 1) The attorneys' fees totaled $79,840.00.

5.      On September 7, 2007, in a telephone conversation, defense counsel Michael Serverian advised me that defendants objected to the subject bill. Both Mr. Serverian and I agreed that a motion would be necessary to resolve these issues.

6.      I have identified an hourly rate of $400 per hour for this matter.

7.      I graduated from UCLA Law School in 1993. Since that time, I have acquired substantial experience in public entity litigation. I have represented the following public entities in litigation matters:

- The City of Sacramento

- Yolo County

- The City of Davis

- The State of California

2

DECLARATION OF WILLIAM MARDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [Local Rules, Rule 54-6]

S:\Bill\Reynoso\attorneys fees\William Marder Declaration.doc

- The City of Roseville

- The City of Winters

- The City of Chico

- San Benito County

- Contra Costa County

8.     I have served as a deputy county counsel for both San Benito County and Contra Costa County.

9.     I have represented individuals in litigation against the following public entities: (1) the City of Hollister; (2) the County of San Benito; (3) San Benito Healthcare District; and (4) the County of Monterey.  I have obtained monetary recoveries for my clients against all four of the entities described above.  Additionally, on another matter, I successfully obtained injunctive relief against the County of San Benito on a writ of mandate.

10.     From 2002 until 2006, I was a partner at Paxton O'Brien LLP, an "AV" rated firm.  In 2006, I co-founded the Polaris Law Group.  I have served as President of the San Benito County Bar Association.

11.     On March 29, 2007, the Monterey Superior Court awarded me statutory attorneys fees at the rate of $350 per hour.  Smith v. Joyce, Monterey County Superior Court Case No.: M74334.  The court awarded these fees pursuant to California Labor Code section 1194(a) after plaintiff prevailed at trial on a claim for unpaid overtime.

12.     On January 5, 2006, in the United States District Court for the Northern District of California, I was awarded statutory fees at the rate of $300 per hour.  Jimenez v. County of

3

DECLARATION OF WILLIAM MARDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [Local Rules, Rule 54-6]

San Benito, Case No. C04-05083 PVT.   (A true and correct copy of this Order is attached to this declaration as Exhibit 2).

13.   I have acquired substantial federal court plaintiff's civil rights experience since litigating Jimenez v. County of San Benito.  Specifically, I have litigated four federal court civil rights cases against the County of San Benito since filing the Jimenez case.  These cases are (1) Bogglen v. County of San Benito, Case No.: C06-02490 RMW PVT; (2) Graves. v. County of San Benito, C 06-04360 JW; (3) Pekin v. County of San Benito, Case No.:  C05 05402 HRL; and (4) MK Ballistics Systems v. Simpson, Case No.: C 07-00688 RMW.

14.   Subsequent to Jimenez, I have litigated a civil rights case against officials from the State of California, Bureau of Alcoholic Beverage Control, McLean v. Seck, Case No.: C 06-04795 JF.

15.   I have expended 199.60 hours litigating the underlying case (this is independent of time spent on this motion.)

16.   I have kept detailed, contemporaneous time records.  (True and correct copies of these records are attached to this declaration as Exhibit 1).

Tasks performed included:

- Preparing for and attending eight depositions;

- Preparing for and attending an Early Neutral Evaluation in San Francisco;

- Responding to interrogatories;

- Responding to a request for production;

- Propounding two sets of interrogatories to the County of San Benito;

- Propounding interrogatories to sheriff's deputy John Pena;

4

- Propounding interrogatories to sheriff's deputy Michael Rodrigues;

- Propounding a request for production to the County of San Benito;

- Propounding a request for production to sheriff's deputy John Pena;

- Propounding a request for production to sheriff's deputy Michael Rodrigues;

- Propounding a request for admissions to the County of San Benito;

- Propounding a request for admissions to sheriff's deputy John Pena;

- Propounding a request for admissions to sheriff's deputy Michael Rodrigues;

- Preparing two California Public Records Act requests; and

- Communicating with a client who speaks limited English.

17.     I anticipate spending thirty-five (35) hours in connection with this motion.  This breaks down as follows: (1) approximately fifteen hours for the moving papers; (2) approximately fifteen hours for the reply brief; and (3) approximately five hours to prepare for, travel, to, and attend oral argument.

18.     I accepted this case on a contingency and advanced all costs.  Thus, I have worked on this case for approximately ten months, while advancing all costs, without payment.

19.     I have not accepted any money from Jose Reynoso.  Additionally, I will not accept any money from the $10,001 payment to Jose Reynoso.  Thus, my only source of compensation in this case is the attorneys fees awarded pursuant to this motion.

//

//

5

DECLARATION OF WILLIAM MARDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [Local Rules, Rule 54-6]

S:\Bill\Reynoso\attorneys fees\William Marder Declaration.doc

1   I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct and of my own personal knowledge.  Executed at Hollister,

3   California

4

5

6   Dated: _9/10/07_                              _William Marder_
                                                 William Marder
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                         6
27

# EXHIBIT 1

**PLG** **Polaris Law Group** LLP

Direct Dial: (831) 531-4214
Email: bill@polarislawgroup.com

August 30, 2007

Michael C. Serverian
Rankin, Landsness, Lahde, Serverian & Stock
96 No. Third Street, Suite 500
San Jose, California 95112
Fax: (408) 293-9514

Via Facsimile and U.S. Mail

Re:    Reynoso v. San Benito County
          Meet and Confer Letter Regarding Attorneys Fees
Dear Mr. Serverian:

As you know, Mr. Reynoso has accepted your Rule 68 Offer, providing for you to pay reasonable attorneys fees. Consequently, I would like to meet and confer with you to see if we can resolve this issue informally. Furthermore, we are required to meet and confer on this issue pursuant to Local Rule 54-6(b)(1).

To expedite this process, I have enclosed with this letter my detailed time records and breakdown of all costs incurred to date. Please note that I am still waiting for the court reporter bills for the depositions which we took earlier this month and a process server charge for the Patrick Kennedy deposition subpoena. I will provide you with an updated breakdown of costs, as soon as I have all of the information. However, this document contains all attorneys fees incurred to date.

After you have reviewed the attorneys' fees, please call me so that we further discuss this matter. Note that pursuant to Local Rule 1.5(n), "meet and confer" requires us to either meet in person or speak on the telephone. If you would like to meet in person, I would be happy to do so. Otherwise, I assume that we will satisfy our requirements via telephone.

As you evaluate my attorneys' fees and costs, please keep in mind I am entitled to time spent litigating my fee award. In re Nucorp Energy, Inc., 764 F.2d 655, 660-61 (9th Cir.1985). Thus, if a motion is necessary, I will seek compensation for this time.

If we cannot resolve this matter informally, I would like to schedule a mutually convenient hearing date for the motion.

Letter to Michael Serverian
August 30, 2007
Page Two

  Please contact me as soon as possible so that we can satisfy our meet and confer requirements.  Pursuant to Local 54-6(a), I must file my attorneys' fees motion within 14 days of entry of judgment.  Thus, I would like to complete our meet and confer efforts on or before September 7, 2007 to ensure that I have time to file my motion if necessary.

  I look forward to speaking to you either via telephone or in person on this issue.

       Sincerely,

       **POLARIS LAW GROUP** LLP

     By  *William L Marder*
     William L. Marder

# Polaris Law Group LLP
501 San Benito Street
Suite 200
Hollister, CA  95023

831-531-4211

August 31, 2007


Jose Reynoso
PO Box 1960
Hollister CA 95024


In Reference To:   v. County of San Benito

06-0177

Invoice #   10379

Professional Services

| | Hours | Amount |
|---|---|---|
| 11/16/2006  Telephone conference with Patrick Pekin re potential referral of Jose Reynoso. (0.3) | 0.30 | 120.00 |
| 11/21/2006  Telephone conference with Patrick Pekin. (0.2) | 0.20 | 80.00 |
| Meet with client; research re potential claims which could potentially be brought. | 3.60 | 1,440.00 |
| 11/27/2006  Prepare follow up questions to be asked of Mr. Reynoso. Prepare questions to ask Patrick Pekin re criminal proceedings against plaintiff. Telephone conference with Attorney Pekin re background information pertaining to Mr. Reynoso. | 4.80 | 1,920.00 |
| 12/4/2006  Conduct online public records search re Jose Reynoso's background. Review newspaper articles pertaining to the allegations against Mr. Reynoso. Review court records to determine criminal history of Jose Reynoso. Telephone conference with former deputy district Attorney Jeff Stone re evidence likely presented against Mr. Reynoso at grand jury proceedings and significance of grand jury's refusal to indict Mr. Reynoso. | 3.60 | 1,440.00 |
| 12/18/2006  Research re potential viability of claim pursuant to 42 U.S.C. section 1983 against county based on county's failure to protect plaintiff while in custody. Research and analysis re potential state law claims which could be brought.  Research and analysis re potential for late claim relief on state law claims. | 3.80 | 1,520.00 |
| 12/20/2006  Meet with client.  Explain to client the claims being brought; claims which I recommended not bringing; potential remedies available; and potential downside risks of pursuing the litigation. | 1.00 | 400.00 |
| 12/21/2006  Draft complaint. (7.4)<br>Draft fee agreement. (0.2) | 7.60 | 3,040.00 |

Jose Reynoso

|  |  | Hours | Amount |
|---|---|---|---|
| 12/28/2006 | Revise, edit, and proofread complaint.<br>Draft summons and civil case cover sheet. | 2.20 | 880.00 |
| 1/2/2007 | Review Order Setting Initial Case Management Conference and ADR Deadlines and calendar applicable deadlines.  Review Judge Whyte's Standing Order Re: Pretrial Preparation. | 0.20 | 80.00 |
| 1/18/2007 | Receipt and review of answer filed by defendant.  Analysis re affirmative defenses raised by county. | 0.70 | 280.00 |
| 1/19/2007 | Review ECF notice sent by court. (0.1) | 0.10 | 40.00 |
| 2/1/2007 | Receipt and review of subpoena duces tecum for the records of Dr. Cavero. | 0.10 | 40.00 |
| 2/2/2007 | Review clerk's notice re failure to e-file. (0.1)<br>Make arrangements with staff to correct problem. (0.1) | 0.20 | 80.00 |
| 3/15/2007 | Review San Benito Sheriff's Office Incident Report sent by opposing counsel.  (0.2) | 0.20 | 80.00 |
| 3/16/2007 | Meet with Jose to obtain information required to complete initial disclosures.  Explain to Jose purpose of initial disclosures and answer his questions about litigation. | 1.00 | 400.00 |
| 3/19/2007 | Prepare initial disclosures | 0.50 | 200.00 |
| 3/21/2007 | Receipt and review of clerk's notice re noncompliance with court order. (0.1)<br>Telephone call to opposing counsel counsel. (0.1) | 0.20 | 80.00 |
|  | Receipt and review of ADR certification filed by defendant. | 0.10 | 40.00 |
|  | Telephone conference with opposing counsel re stip and order re ADR. (0.2) | 0.20 | 80.00 |
|  | Meet with Jose Reynoso to complete ADR Certification.  Review "Dispute Resolution Procedures in the Northern District of California" with Mr. Reynoso.  Explain the ADR process and options to Mr. Reynoso.  Execute form. | 0.50 | 200.00 |
| 3/22/2007 | Receipt and review of notice from court that my ADR Certification was efiled. (0.1) | 0.10 | 40.00 |
| 3/23/2007 | Receipt and review of email from opposing counsel's office re plaintiff's deposition and potential for an interpreter. | 0.10 | 40.00 |
| 3/26/2007 | Receipt and Review of draft of case management conference statement sent by opposing counsel.  Draft portions applicable to plaintiff.   Draft letter to opposing counsel. | 1.20 | 480.00 |
|  | Meet with Jose to discuss difference between Deputy Pena's version of events as described in Sheriff's Incident Report and Mr. Reynoso's version of events. (0.8)  Determine necessary information which must be obtained in discovery and means to obtain the information. (1.9) | 2.70 | 1,080.00 |

Jose Reynoso

Page    3

| | | Hours | Amount |
|---|---|---|---|
| 3/28/2007 | Review efiled case management statement. | 0.10 | 40.00 |
| 4/4/2007 | Review efiled stipulation and order signed by court. (0.1) | 0.10 | 40.00 |
| 4/5/2007 | Review defendant's initial disclosures.<br>Analysis re additional facts which must be obtained. | 1.30 | 520.00 |
| 4/6/2007 | Receipt and review of efiled minute order re case management conference. | 0.10 | 40.00 |
| | Travel to and attend case management conference. | 4.00 | 1,600.00 |
| 4/11/2007 | Review efiled order re case management conference. | 0.10 | 40.00 |
| | Review ADR clerk's notice appointing Robert Fries as Early Neutral Evaluator.<br>Go to www.calbar.org to look up Mr. Fries. Do Internet search to determine Mr. Fries background.<br>Telephone conference with attorney Jeff Stone re his knowledge of Robert Fries. | 0.80 | 320.00 |
| 4/13/2007 | Receipt and review of deposition notice for Jose Reynoso. | 0.10 | 40.00 |
| 4/16/2007 | Review stip and proposed order efiled by defendant. | 0.10 | 40.00 |
| 4/17/2007 | Meet with Jose Reynoso to clear deposition date with him; explain deposition process; determine whether he needs an interpreter and briefly summarize the material which will likely be covered. | 0.70 | 280.00 |
| 4/20/2007 | Draft interrogatories to defendant County. | 1.20 | 480.00 |
| 4/25/2007 | Receipt and review of email from opposing counsel's office re setting up witness depositions. | 0.10 | 40.00 |
| 4/27/2007 | Receipt and review of email from opposing counsel's office. | 0.10 | 40.00 |
| 4/30/2007 | Receipt and review of two emails from Mr. Fries.<br>Draft email to Mr. Fries. | 0.30 | 120.00 |
| 5/3/2007 | Prepare outline of material likey to be covered by defense counsel in deposition of Jose Reynoso.<br>Analysis re potential privileges and objections to be made.<br>Meet with client to prepare for deposition. | 6.70 | 2,680.00 |
| | Receipt and review of email from Early Neutral Evaluator.<br>Draft email to Evaluator.<br>Receipt and review of email from opposing counsel. | 0.30 | 120.00 |
| 5/4/2007 | Receipt and review of email from Evaluator Robert Fries.<br>Receipt and review of email from opposing counsel's office re plaintiff's deposition. | 0.20 | 80.00 |
| | Receipt and review of deposition notice and subpoena for Melanie Castaneda. (0.1) | 0.10 | 40.00 |

Jose Reynoso

Page    4

| | | Hours | Amount |
|---|---|---|---|
| 5/4/2007 | Receipt and review of deposition notice and subpoena for Kenneth Jones. | 0.10 | 40.00 |
| 5/7/2007 | Receipt and review of email from evaluator. (0.1) Receipt and review of email from opposing counsel. (0.1) Receipt and review of second email from evaluator. (0.1) Telephone conference with evaluator. (0.2) | 0.50 | 200.00 |
| | Travel to, and attend Jose Reynoso's deposition in San Jose. | 8.00 | 3,200.00 |
| 5/8/2007 | Receipt and review of email sent from court ADR unit re date of Early Neutral Evaluation. (0.1) Telephone conference with Jose Reynoso re ENE. (0.4) | 0.50 | 200.00 |
| 5/14/2007 | Receipt and review of interrogatories and request for production served by defendant. Analysis re potentially objectionable discovery requests. | 0.70 | 280.00 |
| 5/31/2007 | Meet with Jose Reynoso re upcoming witness depositions. | 0.60 | 240.00 |
| | Research and draft early neutral evaluation statement. | 7.70 | 3,080.00 |
| 6/1/2007 | Prepare for deposition of Melanie Castaneda. Draft outline of information to be obtained from Melanie Castaneda. | 5.30 | 2,120.00 |
| 6/4/2007 | Travel to and attend deposition of Melanie Castaneda. | 6.50 | 2,600.00 |
| 6/5/2007 | Revise, edit and proofread early neutral evaluation statement.  Identify exhibits to be included with brief.  Review local rules to ensure statement has all required material. | 2.60 | 1,040.00 |
| 6/6/2007 | Receipt and review of court's order re case management conference. Receipt and review of court's order extending deadline to conduct ENE. | 0.20 | 80.00 |
| | Meet with Jose to prepare for ENE.  Explain what will happen at ENE.  Discuss settlement potential. Research re jury verdicts for similar civil rights verdict to assess settlement value of case. Organize documents to be used at ENE.   Prepare for ENE. | 6.80 | 2,720.00 |
| 6/7/2007 | Receipt and review of letter from opposing counsel to Kenneth Jones, confirming his deposition. | 0.10 | 40.00 |
| | Prepare for deposition of Kenneth Jones. Draft outline of information to be obtained.  Analysis re strategies to get Mr. Jones to admit (1) he struck Reynoso; (2) the Deputy should have known Jones would stirke Reynoso; and (3) Deputy Pena's conduct facilitated the attack. | 7.60 | 3,040.00 |
| 6/11/2007 | Attend deposition of Kenneth Jones. | 1.00 | 400.00 |

Jose Reynoso                                                                                         Page     5

|  | Hours | Amount |
|---|---|---|
| 6/12/2007 Review ENE brief and supplemental ENE brief prepared by defendant.  Review of authorities cited within brief and attached exhibits.  Analysis re evidence which must be presented at ENE.<br>Outline presentation to be made at ENE. | 6.30 | 2,520.00 |
| 6/13/2007 Receipt and review of 5 emails from Robert Fries. (0.5)<br>Receipt and review of 2 emails from opposing counsel.  (0.2)<br>Draft 2 emails to Robert Fries. (0.2)<br>Telephone conference with Robert Fries. (0.2)<br>Telephone conference with Jose Reynoso explaining that ENE has been postponed. (0.2)<br>Telephone conference with opposing counsel. (0.2) | 1.50 | 600.00 |
| Receipt and review of defendants' responses to plaintiff's interrogatories.<br>Analysis re sufficiency of responses and whether meet and confer efforts would be productive.<br>Research and analysis re strategies to support Mr. Reynoso's claim that a different deputy than those identified by defendant was at the scene. | 2.40 | 960.00 |
| 6/15/2007 Telephone conference with Jose Reynoso's niece, explaining the status of the case and obtaining information re the criminal proceedings against Jose. | 0.30 | 120.00 |
| Analysis re cost/benefit of adding deputy Mike Rodrigues as an individual defendant; Draft proposed first amended complaint, adding Deputies Pena and Rodrigues as individual defendants.  Draft stip and proposed order allowing plaintiff to file first amended complaint.  Draft cover letter to opposing counsel. | 3.40 | 1,360.00 |
| Receipt and review of email from opposing counsel, requesting revisions to my stip and proposed order.<br>Revise stip and proposed order to conform to opposing counsel's concerns. | 0.20 | 80.00 |
| Draft letter to opposing counsel stipulation and proposed order allowing plaintiff to file a first amended complaint. | 0.20 | 80.00 |
| Receipt and review of letter from court reporter, indicating Jose Reynoso's deposition transcript is ready for his review. | 0.10 | 40.00 |
| 6/17/2007 Receipt and review of fax from opposing counsel, attaching revised CMC statement. | 0.10 | 40.00 |
| 6/18/2007 Receipt and review of email from court resetting ENE. (0.1) | 0.10 | 40.00 |
| 6/21/2007 Receipt and review of email from court confirming that stip and proposed order allowing plaintiff to file a first amended complaint was efiled. | 0.10 | 40.00 |
| Receipt and review of faxed stip and order allowing plaintiff to file a first amended complaint. (0.1) | 0.10 | 40.00 |
| 6/30/2007 Receipt and review of subpoenas for the following records: (1) LTD SUV Limousine; and (2) Anderson Chiropractic Offices. | 0.10 | 40.00 |

Jose Reynoso                                                                                     Page     6

|            |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                        | Hours | Amount   |
|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|----------|
| 7/9/2007   | Meet with Jose Reynoso to provide to him defendants' special interrogatories and requests for production. Explain to Mr. Reynoso what information must be obtained.<br>Draft responses to interrogatories.                                                                                                                                                                                                                                                                                                   | 2.60  | 1,040.00 |
| 7/10/2007  | Research the following issues to respond to defendant's request for production:<br>(1) whether plaintiff's tax returns are discoverable in federal court; and<br>(2) whether a defendant may conduct discovery into a party's immigration status.<br>Draft response to defendant's request for production, request number six, objecting to defendant's request for documents pertaining to plaintiff's immigration status.                                                                                     | 2.20  | 880.00   |
| 7/13/2007  | Telephone conference with client re upcoming ENE. (0.2)                                                                                                                                                                                                                                                                                                                                                                                                                                                     | 0.20  | 80.00    |
| 7/17/2007  | Receipt and review of proposed case management conference statement from opposing counsel. (0.2)<br>Analysis re practicality of dates and benefits of having a sooner trial date. (0.1)<br>Telephone conference with client re availability for trial. (0.2)<br>Telephone conference with opposing counsel, requesting that the trial date occur sooner. (0.2)                                                                                                                                                 | 0.70  | 280.00   |
| 7/18/2007  | Meet with client re upcoming ENE. (0.5)<br>Prepare for ENE. Identify and organize exhibits to be used at ENE. Prepare to respond to arguments made by defense counsel. (2.7)                                                                                                                                                                                                                                                                                                                                 | 3.20  | 1,280.00 |
|            | Receipt and review of email from court that case management conference statement was efiled. (0.1)                                                                                                                                                                                                                                                                                                                                                                                                          | 0.10  | 40.00    |
| 7/19/2007  | Meet with Jose in Hollister to travel to San Francisco for ENE.<br>Travel with Jose to San Francisco to ENE.<br>Attend ENE.                                                                                                                                                                                                                                                                                                                                                                                 | 9.00  | 3,600.00 |
| 7/20/2007  | Telephone conference with opposing counsel re depositions and future discovery. (0.2)                                                                                                                                                                                                                                                                                                                                                                                                                       | 0.20  | 80.00    |
|            | Meet with Jose Reynoso to discuss responses to written discovery. Go over final versions of discovery responses to ensure accuracy.                                                                                                                                                                                                                                                                                                                                                                         | 0.60  | 240.00   |
|            | Draft deposition notices for John Pena; Mike Rodrigues, and Porcha Suhar.                                                                                                                                                                                                                                                                                                                                                                                                                                   | 0.20  | 80.00    |
|            | Research and analysis re use of potential expert on the subject of police practices. Review requirements under FRCP 26 and Daubert to ensure that expert testimony on liability of sheriff's deputy would be admissible. Plan budget for for use of expert.<br>Consider possibility of using former San Benito County Sheriff's Deputy to testify as both (1) percipient witness on San Benito's custom and policy of mistreating arrestees in custody and (2) expert witness as to inappropriateness of Deputy Pena's behavior.<br>Analysis re which former San Benito County Sheriff's Deputy to potentially use. | 3.70  | 1,480.00 |

Jose Reynoso                                                                                            Page      7

|  | | Hours | Amount |
|---|---|---|---|
| 7/23/2007 | Receipt and review of deposition notices of Dr. Cavero; Ms. Fender; and Ken Rose. (0.1)<br>Telephone conference with Jose Reynoso re witness depositions. (0.3) | 0.40 | 160.00 |
| | Draft request for admissions to County. (1.5)<br>Draft request for production to County. (1.0)<br>Draft interrogatories, set two, to County. (1.8) | 4.30 | 1,720.00 |
| 7/25/2007 | Receipt and review of fax from opposing counsel. (0.1) | 0.10 | 40.00 |
| | Research and analysis re use of experts to establish damages pertaining to (1) loss of teeth in light of Mr. Reynoso's prior dental problems; and (2) Mr. Reynoso's claim of vision problems in his right eye after being struck.  Consider potential experts to use.  Consider use of local dentist Craig Nagareda and local opthamologist Dr. Sharma.  Conduct online records search into backgrounds of Dr. Nagareda and Dr. Sharma to determine suitability for use at trial in light of Rule 26 and Daubert requirements.<br>Telephone conference with attorney Jeff Stone re his estimate as to costs of using dentist and opthamologist in trial.  Research and analysis re likelihood that court would allow the expert testimony. | 4.60 | 1,840.00 |
| 7/26/2007 | Telephone conference with Mike Serverian re plaintiff's responses to written discovery; meet and confer re discovery of taxes. (0.2) | 0.20 | 80.00 |
| 7/27/2007 | Telephone conference with Ken Rose. (0.2) | 0.20 | 80.00 |
| 8/1/2007 | Prepare revised deposition notices for Mike Rodrigues and Porcha Suhar. (0.2) | 0.20 | 80.00 |
| 8/2/2007 | Receipt and review of email from court that the court has signed the stipulation and order allowing plaintiff to file a first amended complaint. | 0.10 | 40.00 |
| | Telephone conference with court clerk re continuing case management conference.<br>Telephone call to opposing counsel.<br>Receipt and review of efiled notice that case management conference has been continued. | 0.30 | 120.00 |
| 8/3/2007 | Receipt and review of email from opposing counsel's office re date and time for Deputy Pena's deposition.<br>Prepare deposition notice. | 0.20 | 80.00 |
| 8/6/2007 | Prepare for deposition of Dr. Cavero.<br>Prepare for deposition of Ken Rose; analysis re best way to handle difference between Jose's claim of being employed by Mr. Rose and Mr. Rose's contention that Jose was never an employee. | 2.60 | 1,040.00 |
| | Prepare for deposition of Porcha Suhar. (4.8) | 4.80 | 1,920.00 |
| 8/7/2007 | Prepare for deposition of Mike Rodrigues. (4.6) | 4.60 | 1,840.00 |

Jose Reynoso                                                                                          Page     8

|  |  | Hours | Amount |
|---|---|---|---|
| 8/7/2007 | Take depositions of Porcha Suhar and Mike Rodrigues. (2.0) | 2.00 | 800.00 |
| 8/8/2007 | Attend deposition of Ken Rose; Attend deposition of Dr. Cavero. (2.0) | 2.00 | 800.00 |
| 8/9/2007 | Prepare for deposition of John Pena. (4.5)<br>Take deposition of John Pena. (1.0) | 5.50 | 2,200.00 |
| 8/10/2007 | Telephone conference with opposing counsel re depos. (0.2)<br>Telephone conference with court clerk re postponing CMC. (0.1)<br>Telephone call to opposing counsel re CMC. (0.1)<br>Receipt and review of court's order re stipulation and order. (0.1)<br>Research and analysis re strategies to establish damages in light of (1) lack of medical treatment received by plaintiff; and (2) lack of documents establishing wage loss. (2.4) | 2.90 | 1,160.00 |
|  | Receipt and review of subpoena for records from Mariposa Tax Services.  (0.1) | 0.10 | 40.00 |
| 8/16/2007 | Research and analysis re likelihood of establishing "custom and policy" evidence required to survive Monell defense as to County. Analysis re cost benefit of dismissing county as a defendant and focusing on individuals.<br>Analysis re cost/benefit of adding defendant Mike Rodrigues as a defendant.<br>Analsyis re cost/benefit of seeking punitive damages against the individual defendants.<br>Research and analysis re cost/benefit of continuing to pursue claim for failure to provide medical care.<br>Revise First Amended Complaint to (1) dismiss County as a defendant; and (2) drop claim for failure to provide medical care. | 5.30 | 2,120.00 |
| 8/17/2007 | Meet with Jose Reynoso to explain my recommendation that we drop the county as a defendant and we drop the failure to provide medical care.  Also, discuss with Mr. Reynoso my recommendation that we not pursue a claim for punitive damages against the individuals. | 0.80 | 320.00 |
| 8/20/2007 | Revise, edit, and proofread first amended complaint. (0.2)<br>Telephone conference with opposing counsel re first amended complaint and his willingness to accept service of behalf of individual defendants. (0.2)<br>Review email from court that first amended complaint has been efiled. (0.1) | 0.50 | 200.00 |
| 8/21/2007 | Draft request for production to defendant Pena. (1.0)<br>Draft interrogatories to defendant Pena. (1.4)<br>Draft requests for admission to defendant Pena. (1.0)<br>Research re categories of documents appplicable to the case which may be obtained via the California Public Records Act.  (0.8)<br>Draft Public Records Act request to San Benito County Sheriff and San Benito County District Attorney. (0.6) | 4.80 | 1,920.00 |
| 8/22/2007 | Telephone conference with opposing counsel re his request for an extension to respond to my written discovery. (0.2)<br>Receipt and review of deposition transcript of John Pena. (0.1)<br>Receipt and review of subpoena served by defendant. (0.1) | 0.40 | 160.00 |

Jose Reynoso

| | Hours | Amount |
|---|---|---|
| 8/23/2007 Draft special interrogatories to defendant Michael Rodrigues. (1.8)<br>Draft requests for admission to defendant Michael Rodrigues. (1.0)<br>Draft request for production to defendant Michael Rodrigues. (0.8) | 3.60 | 1,440.00 |
| 8/24/2007 Prepare deposition subpoena for Patrick Kennedy. (0.2) | 0.20 | 80.00 |
| 8/27/2007 Meet with Jose to update him on developments in case.<br>Discussion with Jose re the failure of his employer to properly report wages.<br>Research and analysis re strategies for resolving inconsistencies between wage loss testified to by Mr. Reynoso and that reported by his employers.<br>Office conference with partner re strategies for resolving inconsistency. | 2.30 | 920.00 |
| Receipt and review of defendant's demand for production. (0.1)<br>Receipt and review of defendant's Rule 68 offer. (0.1)<br>Telephone conference with opposing counsel re extending deadlines to discovery propounded by plaintiff. (0.2)<br>Analysis re whether I should recommend acceptance of Rule 68 offer. (1.2) | 1.50 | 600.00 |
| 8/28/2007 Receipt and review of deposition transcript of Porcha Suhar. (0.1)<br>Receipt and review of deposition transcript of Michael Rodrigues. (0.1)<br>Review and analysis of evidence obtained thus far to determine whether to recommend acceptance of defendant's Rule 68 offer. (1.6) | 1.80 | 720.00 |
| Receipt and review of letter from court reporter to Dr. Cavero re deposition transcript being available for her review. | 0.10 | 40.00 |
| 8/29/2007 Telephone conference with civil rights attorney Jeff Stone re whether to recommend acceptance of defendant's Rule 68 offer. (0.5)<br>Research and analysis re likely cost to Jose if Jose rejects offer and obtains less than $10,001 at trial. (1.0)<br>Meet with Jose to discuss his options.  (2.0) | 3.50 | 1,400.00 |
| 8/30/2007 Draft Acceptance to Defendant's Rule 68 Offer.  (0.5)<br>Review FRCP and Local Rules to confirm procedures for handling attorney's fees motion. (0.2)<br>Review bill to ensure that no confidential client information is disclosed.  (1.0)<br>Draft meet and confer letter to defendant (0.6) | 2.30 | 920.00 |
| For professional services rendered | 199.60 | $79,840.00 |
| Additional Charges : | | |
| 12/28/2006 US District Court - filing fee | | 350.00 |
| 1/10/2007 Stephen Snyder - process server. | | 202.19 |
| 4/17/2007 Copying cost - Cavero DDS, USLegalSupport Inv# BW024037-01 - ck# 1628 | | 48.96 |
| 5/9/2007 4/6/07:  mileage 40.50, parking 10, meals 35.00<br>5/7/07 - mileage 40.50, parking 15, meals 36.00 | | 177.00 |

Jose Reynoso

| | | Amount |
|---|---|---:|
| 5/29/2007 | Copying cost – medical records | 68.61 |
| 6/29/2007 | Copying cost | 35.00 |
| | Transcript Cost | 142.20 |
| 7/31/2007 | Copying cost – Anderson Chiropractic – US Legal, ck# 1811 | 47.50 |
| | Copying cost – LTDSUV Limousine, US Legal, ck# 1811 | 47.50 |
| 8/2/2007 | Reimbursed Aug 2  for June 4,2007:  Mileage $48.50, parking $10, meals: $35<br>July 19, 07:  Mileage $97.00, parking $14.50, meals: $35 | 240.00 |
| 8/21/2007 | Deposition Costs for John Pena on 8/9/07 | 298.50 |
| 8/27/2007 | Deposition Costs for Porcha Suhar on 8/7/07 | 178.80 |
| | Deposition Costs for Mike Rodrigues on 8/7/07 | 170.00 |
| | Total additional charges | $2,006.26 |
| | Total amount of this bill | $81,846.26 |
| | Balance due | $81,846.26 |

# EXHIBIT 2

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE JIMENEZ, | )     No. CV-04-5083 |
|        Plaintiff, | ) **ORDER GRANTING ATTORNEY'S** |
|     v. | ) **FEES** |
| COUNTY OF SAN BENITO, | ) |
|        Defendants. | ) |

Plaintiff Jimenez filed a motion for attorney's fees on October 4, 2005.[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiff is awarded attorney's fees in the amount of $71,460.

Plaintiff filed this motion for attorney's fees after accepting on September 30, 2005 an offer pursuant to Fed. R. Civ. P. 68[2] (hereafter "Rule 68 offer") in this excessive police force action.  The Rule 68 offer, as accepted by Plaintiff, provided for $21,000 plus reasonable attorney's fees.  Plaintiff's counsel (hereafter Marder) submitted billing

---

[1]  The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2]  Rule 68 provides, *inter alia*, that "[a]t any time more than 10 days before the trial begins, the party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party . . . with costs then accrued."

1   records to Defendants which itemized 222.20 hours spent by Marder in handling this

2   matter, multiplied by $375 per hour, for a total of $83,325 in attorney's fees, as well as

3   $2,719.26 in costs.  Defendants perceived these amounts to be unreasonable and refused

4   to pay.  Thus, Plaintiff filed the instant motion.

5       Plaintiff now seeks $83,325, plus an additional $7,500 for bringing this motion,[3]

6   plus an upward adjustment to the lodestar, plus statutory interest.

7       In his supporting declaration, filed with this motion, Marder asserts that he spent

8   238.20 hours in handling this matter,[4] and that his billing rate is $375.00 per hour.

9       Defendant argues that Marder's stated hours are such that he either inflated his

10  hours or spent excessive hours on this matter due to his relative inexperience in handling

11  this type of action.  Defendant submits the declarations of two well-known, local plaintiff

12  civil rights attorneys, Kirchick and Boskovich, both of whom opine that Marder

13  undertook unnecessary tasks and spent excessive amounts of time on other tasks,[5] due to

14  his relative inexperience.

15      In reviewing the court file and Marder's time records, the court finds that Marder's

16  stated hours are indicative of his relatively low level of experience as a plaintiff civil

17  rights attorney specializing in excessive police force cases.

18  ///

19  ///

20  ///

21  ///

22  ───────────────────

23      [3]   The $7,500 sought for bringing this motion is based on a calculation of 20 hours, multiplied by $375.

24      [4]   Marder submits billing entries of 222.20 hours to bring this matter to settlement, plus an
25  additional 16 hours to bring this motion for attorney's fees, not including any time associated with orally
    arguing this motion which Marder estimates would have taken 4 hours.  Because the court decided to rule
26  on this motion without a hearing, those 4 additional hours associated with attending a hearing are not
    included in the total computation of hours.

27      [5]   These two experts noted that Marder took over 30 hours to perform initial research and
    file an eight-page complaint in this straightforward excessive police force action, when an experienced
28  civil rights attorney would have spent much less time - no more than 4 hours - in researching, drafting and
    filing this type of civil action.

ORDER, *page 2*

1    Defendant also argues that Marder's stated billing rate is high, given prevailing

2    billing rates in San Jose[6] and Marder's level of experience in handling these types of

3    actions.  In such cases, the court has discretion to reduce the hourly rate.  *See Trevino v.*

4    *Gates*, 99 F.3d 911, 924-925 (9th Cir. 1996).

5    In determining that Marder is relatively inexperienced in litigating plaintiff

6    excessive police force cases, the court finds his stated billing rate unwarranted and

7    reduces it accordingly from a rate of $375 per hour to a rate of $300 per hour.  Thus,

8    Plaintiff is entitled to an award of attorney's fees equal to $300 multiplied by 238.20

9    hours for a total of $71,460.

10    The court finds that an upward adjustment of the lodestar is unreasonable in view

11    of the fact that this litigation concluded within one year from the time the action was

12    filed.  *See, contra, Missouri v. Jenkins*, 491 U.S. 274 (1989) (a case in which the

13    attorneys waited several years to realize their contingency fees), nor is there any basis for

14    an award of statutory interest on the fee award, especially in view of the fact that Plaintiff

15    did not cite any statutory or case authority in requesting statutory interest.[7]

16    ///

17    Dated: 1/5/06

18    *Patricia V. Trumbull*
     PATRICIA V. TRUMBULL

19    United States Magistrate Judge

20

21

22

23    _____

24    [6]    Boskovich opined that the range of hourly rates for civil rights litigators in San Jose is
     $150 - $400 per hour.  Furthermore, Boskovich's billing rate is $250 per hour and Kirchick's billing rate

25    is $300 per hour.

26    [7]    Notably, the court found only one indirect reference by Plaintiff to authority which he
     believes supports his contention that he is entitled to statutory interest.  *See* Exhibit A to Marder Decl. in

27    Support of Motion for Attorney's Fees, at p. 1.  In the meet and confer letter regarding plaintiff's attorney
     fees and costs which comprises Exhibit A, Marder cites *Foley v. City of Lowell*, 948 F.2d 10 (1st Cir.

28    1991).  However, that case is inapposite because the statutory interest entitlement in *Foley* arose from the
     Massachusetts state-law jury verdicts and the relevant Massachusetts statute.  Whereas, in this action, the
     Plaintiff brought only federal claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28