**E-FILED on** 10/16/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE REYNOSO,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BENITO; and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. C-06-07920 RMW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>**[Re Docket No. 25]** |

    Plaintiff Jose Reynoso moves for attorney's fees in the amount of $93,840. Defendant County of San Benito ("County") does not contest that attorney's fees are appropriate under 42 U.S.C. § 1988, but contends that the amount requested is so unreasonable that fees should be denied in their entirety, or, in the alternative reduced substantially. The court finds this matter appropriate for disposition on the papers. For the reasons set forth below, the court grants plaintiff's request for attorney's fees, but reduces the amount to $44,400.

## I. BACKGROUND

    Plaintiff is an arrestee who sued the County of San Benito pursuant to 42 U.S.C. § 1983 for an assault allegedly committed on him by a private citizen, Kenneth Jones, while plaintiff was handcuffed in an unlocked County sheriff deputy's patrol car. Plaintiff sought to hold the County

1  liable for Jones's act, asserting the sheriff's deputies failed to protect plaintiff.  Plaintiff filed his
2  complaint on December 28, 2006.  On or around August 30, 2007, after completing some discovery
3  in the matter, plaintiff accepted an offer by defendant pursuant to Fed. R. Civ. P. 68 to settle for
4  $10,001 plus reasonable attorney's fees and costs.

## II.  ANALYSIS

Plaintiff's counsel requests $93,840 in attorney's fees.  He asserts that $79,840 of this amount represents 199.6 hours of work that has been done in the case.  His request also includes $14,000 in anticipated fees in connection with the instant motion.  The court finds that the amount of the fee request, nearly 10 times the amount of plaintiff's recovery, is not reasonable.

### A.   Hourly Rate

Plaintiff's counsel requests an hourly rate of $400.  The County argues that he should at most be awarded at a rate of $225 per hour because he lacks experience litigating civil rights cases.

As the County points out, the requested hourly rate of $400 is in excess of what plaintiff's counsel has been awarded in the past.  In January 2006, plaintiff's counsel was awarded attorney's fees at an hourly rate of $300 in an action in the Northern District of California, *Jimenez v. County of San Benito*, Case No. C-04-05083 PVT.  In March 2007, he was awarded attorney's fees at an hourly rate of $350 in a Monterey County Superior Court action for unpaid overtime under Cal. Labor Code § 1194(a), *Smith v. Joyce*, Case No. M74334.  Plaintiff's counsel asserts that a $100 per hour increase over the rate awarded in federal court last year is appropriate because of the passage of time and because he has since litigated five additional cases in federal court.  He asserts that a $50 per hour increase over the rate awarded in Monterey County Superior Court in March of this year is appropriate because his work in the federal court should afford a higher rate than his work in state court.  In further support of his requested rate increase, plaintiff's counsel asserts that he has "acquired substantial experience in public entity litigation."

Under section 1988, the reasonable hourly rate is determined by "considering the experience, skill and reputation of the attorney requesting fees." *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 908 (9th Cir. 1995).  The court has the discretion to reduce an hourly rate. *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996).  Here, the court does not find an hourly rate of

1  $400 justified.  First, this case was not a complex one and was of limited potential value.  It involved
2  an assault on petitioner by a private third party for which plaintiff sought to hold the County liable.
3  Second, plaintiff originally asserted theories that were apparently not factually supported or at least
4  not pursued.  Finally, the court finds that the hourly rate awarded by this court previously is
5  reasonable and consistent with that generally charged in the community.[1]  The court concludes that a
6  rate of $300 per hour[2] is appropriate for counsel's services in this case.

   **B.     Number of Hours**

8    Plaintiff's counsel asserts that he has spent 199.60 hours litigating the case and anticipates
9  that he will spend 35 hours briefing, preparing for and arguing the instant fee motion.[3]  He contends
10 that this was a novel and complex case because plaintiff sought to impose liability on the County for
11 an assault on plaintiff allegedly committed by a private citizen and because "there was a significant
12 risk that the Sheriff's Deputies' conduct could be construed as merely negligent, thus precluding
13 recovery."  Reply at 2.
14   This case was not a complex one.  The facts alleged were certainly not complex, and the 17
15 hours plaintiff's counsel spent investigating his client's claims prior to filing the complaint seems
16 excessive.  Further, given that numerous allegations from the complaint in the instant case appear to
17 mirror allegations set forth in the complaint filed by plaintiff's counsel in *Jimenez v. County of San*
18 *Benito*, Case No. C-04-05083 PVT, 9.6 hours preparing the complaint seems excessive for a
19 complaint that totals 5 pages, even accounting for identifying additional or different constitutional
20 violations and potential claims to be made in this case.  The court also agrees with the County that
21 the time billed for propounding written discovery, 12.2 hours, seems high.  The interrogatories and

---

[1] Attorneys Stuart Kirchik and Anthony Boskovich have had substantial experience in actually litigation through trial police misconduct cases.  Their hourly rates offer substantial guidance and are consistent with the court's understanding of rates generally charged in the community for this type of case.

[2] The court recognizes that it need not award the same hourly rate as was previously awarded by Judge Trumbull.  *Trevino*, 99 F.3d 911, 925 (9th Cir. 1996) ("An individual attorney need not be awarded the same hourly rate in all Section 1983 cases because not all such cases are equally complex.").  Nevertheless, the court finds the previous federal court fee award helpful in its fee rate analysis.

[3] This breaks down to 15 hours filing the fee motion, 15 hours on the reply and 5 hours to prepare for and travel to the hearing on the motion.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES—No. C-06-07920 RMW
MAG                                                    3

**United States District Court**
For the Northern District of California

requests for admission and production in this case submitted for the court's inspection by the County, average about 4 pages, are largely repetitive and do not seem so complex or intricate as to justify the amount of time plaintiff's counsel has billed for preparing them. It also seems that the time billed for preparing for and participating in depositions (approximately 36 hours, not counting travel time) is out of scale with the time the depositions actually took (13 hours, 39 minutes), even assuming that plaintiff's counsel was doing his utmost to formulate concise questions to keep the depositions short. The time plaintiff's counsel has billed for preparing for the ENE, 10 hours on the ENE brief and 6.8 hours preparing for the ENE session, also seems high in light of the lack of complexity of the case.

Finally, it is unclear why plaintiff's counsel anticipates that he will spend 35 hours on the current motion for fees. It is notable that at his requested hourly rate of $400, the motion for fees alone would result in a recovery of attorney's fees ($14,000) greater than the amount for which his client settled ($10,001). And, as the County demonstrates, the instant fee motion bears a strong resemblance to the fee motion filed in *Jimenez v. County of San Benito*. Plaintiff's counsel's explanation that he needed to select and summarize his federal court experience subsequent to the *Jimenez* case and obtain a declaration from Patrick Marshall for purposes of this motion does not sufficiently account for 15 hours of work to modify a previously-submitted fees motion. Nor is the court convinced that it required 15 hours to respond to the County's opposition or 5 hours to prepare for and appear at the hearing. A total of 15 hours should be more than sufficient to prepare and respond to the County's opposition to the instant fee motion.

The court has the discretion to reduce a fee award when hours billed are excessive. *Webb v. Sloan*, 330 F.3d 1158, 1170 (9th Cir. 2003). The court has found the hours billed to be excessive in this case, particularly given the amount involved and results obtained. For those reasons, the court will reduce the hours billed by one third, from 199.60 hours to 133 hours. At an hourly rate of $300, the court thus awards attorney's fees of $39,900 for the hours worked on the case. The court will award only 15 hours at $300 per hour, or $4500, for the instant fee motion in light of the similarity to the fee motion in *Jimenez* and the overall unreasonableness of the attorney's fees requested.

## III.  ORDER

For the foregoing reasons, it is hereby ordered that plaintiff is awarded attorney's fees in the amount of $44,400.

DATED: 10/16/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

William Lucas Marder          bill@polarislawgroup.com

**Counsel for Defendants:**

Michael C. Serverian          mserverian@rllss.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   10/16/07                                          /s/ MAG
                                                               **Chambers of Judge Whyte**